UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – AT LEXINGTON

| | |
|---|---|
| **COURTNEY BROWN ZELLERS,**<br><br>    **Plaintiff,**<br><br>V.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>    **Defendant.** | **CIVIL ACTION NO. 5:15-98-KKC**<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on the Commissioner's motion to dismiss or, in the alternative, for summary judgment. (DE 7). For the reasons set forth below, Defendant's motion will be granted.

On April 13, 2015, the Plaintiff, Courtney Brown Zellers, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying her claim for Social Security Disability Insurance Benefits ("DIB"). (DE 2). Defendant argues that Plaintiff's complaint should be dismissed as untimely. (DE 7 at 2.)

Judicial review of social security claims is limited by statute. Under 42 U.S.C. § 405(g), review is limited to "civil action[s] commenced within sixty days after the mailing to [a claimant] of notice of [a final decision] or within such further time as the Commissioner [ ] may allow." The Commissioner has interpreted "mailing" as the date of receipt by the claimant of the Appeals Council's decision. *See* 20 C.F.R. § 422.210(c). However, the date of receipt is presumed to be five days after the notice date, absent a reasonable contrary showing. *See* 20 C.F.R. § 416.1401.

Notice of the Appeals Council's decision declining review was mailed February 4, 2015, and thus, the presumptive deadline for Plaintiff's filing was April 10, 2015. (DE 7-1 at 22.) Plaintiff responds that her April 13, 2015, complaint was timely because the notice was not actually received until February 12, 2015. (DE 8 at 2.) In Support, Plaintiff submits an affidavit from her

former counsel's legal assistant and a log of mail received at that firm. (DE 8-1.) The response also notes that "[t]he Plaintiff herself has no recollection of ever receiving the Notice." (DE 8.)

This Court finds that Plaintiff's proffered evidence is insufficient to rebut the presumption of receipt on April 10, 2015. The response offers no evidence that *Plaintiff* received the notice after April 10th. *See Brown v. Comm'r of Soc. Sec.*, No. 14-12525, 2015 WL 5655870, at *3 (E.D. Mich. Sept. 25, 2015) ("plaintiff herself must rebut the presumption that plaintiff received the Appeals Council decision"). Plaintiff's admission that she had no recollection of *ever* receiving the notice does not support the conclusion that she received it after the presumptive date. Because nothing in the record creates a genuine dispute that the *Plaintiff* received the notice after April 10th, there can be no dispute that the complaint in this case was untimely filed. Consequently, the Defendant is entitled to Summary Judgment in this matter.

Accordingly, it is **ORDERED** as follows:

1. The Commissioner's motion to dismiss or, in the alternative, for summary judgment (DE 7) is **GRANTED**; and

2. This action shall be **DISMISSED** and **STRICKEN** from the Court's **ACTIVE DOCKET**.

Dated July 1, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY